129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda SOLTERO; Fabiola De La Cruz; Carla Sigala; Marvin
Sigala; Enriqueta De La Cruz; Felipe Soltera;
Ricardo Soltero; Augustine Soltero;
Manuel Sigala, Plaintiffs-Appellees,
v.
CITY OF COMPTON, Compton Police Department; Michael
Jackson, Houri Taylor; Stone Jackson; David Arellanes; W.
Nelson; Omar Bradley; Marcine Shaw; Yvonne Arceneaux;
Howard Caldwell; Catherine Chavers; Ramon Allen; Charles
J. Evans; Raul Bracamonte, Defendants-Appellants.
 No. 95-56766.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1997.
Decided Nov. 13, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding
 
 
 2
 Before: HALL and T.G. NELSON, Circuit Judges, and WINMILL, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendants appeal the district court's denial of their motion to dismiss on the basis of qualified immunity in this 42 U.S.C. § 1983 action arising from the removal of the Soltero children from their home. We have jurisdiction only to decide whether the law governing defendants' conduct was clearly established. See Johnson v. Jones, 515 U.S. 304 (1995); Ram v. Rubin, 118 F.3d 1306, 1308 (9th Cir.1997). We conclude that it was and affirm.
 
 
 5
 According to the complaint, the incident that sparked this suit occurred after neighbors of the family complained to the Los Angeles Department of Children Services that the Soltero minor children were inadequately supervised and generally neglected. On July 29, 1994, Beth Rodriguez, a county social worker, went to their home to investigate. The parents were not at home, and their 16-year-old son, Felipe Soltero, refused to allow Rodriguez to enter the home without a warrant. Rodriguez then requested help from the Compton Police Department. When Officer Michael Jackson arrived, he became involved in an altercation with Felipe Soltero. After Felipe Soltero was arrested, authorities took the other children into custody.
 
 
 6
 The Solteros sued the Compton Police Department, Los Angeles Department of Children Services and a variety of individual officers and caseworkers alleging numerous violations of federal and state law. Relevant here is their claim under 42 U.S.C. § 1983 for interference with their constitutional right of family integrity. The question is whether the contours of this right were sufficiently well established in 1994 to defeat defendants' claim of qualified immunity.
 
 
 7
 In Ram, this court held that by 1993, it was clear that "a parent had a constitutionally protected right to the care and custody of his children and that he could not be summarily deprived of that custody without notice and a hearing, except where the children were in imminent danger." 118 F.3d at 1310. See also Santosky v. Kramer, 455 U.S. 745, 770 (1982) (terminating parental rights must comport with due process protections); Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir.1991) (noting that state may remove children subject to immediate or apparent danger or harm). The complaint states that there was no allegation of imminent danger to the children that warranted their summary removal. Although defendants may dispute whether this was the case, or whether the officers reasonably believed the children were in danger, we lack jurisdiction to consider those factual issues at this time. On the record before us, plaintiffs have sufficiently alleged a violation of the right to family integrity as defined in Ram to survive a motion to dismiss.
 
 
 8
 The decision of the district court is therefore AFFIRMED.
 
 
 
 **
 Hon. B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3